UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DASHAY P. SCOTT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOOMIS ARMORED US, LLC, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:21-cv-00896-JAM-AC<br><br>**ORDER GRANTING LOOMIS'S MOTION TO COMPEL ARBITRATION AND TO STAY PLAINTIFF'S PAGA CLAIM** |

Dashay P. Scott ("Plaintiff") brings the present wage and hour class action against Loomis Armored US, LLC ("Defendant"). See First Amended Complaint ("FAC"), ECF No. 14. Defendant moves to compel arbitration of Plaintiff's non-Private Attorneys General Act ("PAGA") claims and to stay her remaining PAGA claim pending the outcome of the individual arbitration proceeding. See Mot., ECF No. 19-1. Plaintiff filed an opposition. See Opp'n, ECF No. 21. Defendant replied. See Reply, ECF No. 22.

1

For the reasons below, the Court GRANTS Defendant's Motion.[1]

## I. BACKGROUND

Defendant is a national transporter of currency. Mot. at 1; Opp'n at 2. Defendant employed Plaintiff as a cash management services teller ("CMS Teller") at its Hayward, California facility from September 2019 until February 2021. FAC ¶ 8; Opp'n at 3. As a CMS Teller, Plaintiff's primary role was money processing; that is, counting, auditing, and organizing money coming in and going out of the facility. Opp'n at 3-4.

During Plaintiff's onboarding process, Defendant presented her with a copy of the Loomis arbitration program (the "ADR Plan"). Mot. at 2; see also Executed ADR Plan, Ex. A to Morgan Decl., ECF No. 19-3. Plaintiff signed the ADR Plan on September 4, 2019. See Executed ADR Plan at 2. Under the terms of the ADR Plan, Plaintiff must arbitrate "any dispute arising out of or related to" her "employment or relationship with" Loomis, including the "termination of [her] employment." Id. at 1. She must also bring any claims "on an individual basis only, and not on a class or collective basis on behalf of others." Id. at 2.

In February 2021, Defendant terminated Plaintiff's employment. Opp'n at 5. Plaintiff then filed this class action in Sacramento County Superior Court alleging violations of California's Labor Code and Unfair Business Practices Act for unpaid wages, noncompliant meal periods and rest breaks,

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 16, 2021.

inaccurate wage statements, and waiting time penalties, along with an individual claim for disability discrimination. See Compl., Ex. A to Not. of Removal, ECF No. 1. Defendant removed the case pursuant to the Class Action Fairness Act of 2005 ("CAFA"). See Not. of Removal ¶ 1. Following removal, Plaintiff amended her complaint adding a PAGA claim. See FAC.

Defendant now seeks to compel Plaintiff's compliance with the ADR Plan, specifically waiver of her class claims and individual arbitration of her non-PAGA claims. See generally Mot. Defendant further requests that Plaintiff's remaining PAGA claim be stayed pending entry of a final award in the arbitration proceeding. Id.

## II.   OPINION

### A.   Legal Standard

The Federal Arbitration Act ("FAA") makes arbitration agreements "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract" and confers the right to obtain an order requiring arbitration proceed in the manner provided for in the contract. AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (quoting 9 U.S.C. § 2). Under the FAA, a court must compel arbitration if (1) a valid agreement to arbitrate exists and (2) the dispute falls within the scope of that agreement. Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). Thus, the FAA "eliminates district court discretion and requires the court to compel arbitration of issues covered by the arbitration agreement." Dittenhafer v. Citigroup,

No. C 10-1779 PJH, 2010 WL 3063127, at *2 (N.D. Cal. Aug. 2, 2010) (internal citations omitted). The role of the federal court in these circumstances is limited to determining whether the arbitration clause at issue is valid and enforceable under Section 2 of the FAA. Id.

The party seeking to avoid arbitration under the FAA bears the burden of proving that the claims are unsuitable for arbitration. Nationwide Agribusiness Insurance Co. v. Buhler Barth GmbH, No. 1:15-cv-00582-JAM-EPG, 2015 WL 6689572, at *4 (E.D. Cal. Oct. 30, 2015); see also Daugherty v. Experian Info. Solutions, Inc., 847 F.Supp.2d 1189, 1194 (N.D. Cal. 2012) ("The party resisting arbitration bears the burden of showing the arbitration agreement is invalid or does not encompass the claims at issue.").

B.  Analysis

   1.  Non-PAGA Claims

In its motion, Loomis argues Plaintiff entered into a binding and enforceable arbitration agreement, the ADR Plan, and Plaintiff must therefore abide by her agreement to waive her class claims and individually arbitrate all of her claims except for the PAGA claim. Mot. at 4-14. Plaintiff resists Loomis's motion to compel on five grounds. See generally Opp'n.

First, Plaintiff invokes an exemption in the FAA for transportation workers. Opp'n at 7-12. While the FAA "embodies" a "liberal federal policy favoring arbitration agreements," the FAA does not apply to "whole industries of workers." Rogers v. Lyft, Inc., 452 F.Supp.3d 904, 913 (N.D. Cal. 2020) (internal citations omitted). Specifically, Section 1 of the FAA provides

the following exemption: "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. Here Plaintiff clearly is not a seaman or a railroad employee, but she claims membership in the residual "class of workers engaged in foreign or interstate commerce." Opp'n at 7. But Plaintiff's out-of-circuit, non-binding authority, see Opp'n at 8-10 (citing to Palcko v. Airborne Express, Inc., 372 F.3d 588 (3rd Cir. 2004); Bacashihua v. United States Postal Serv., 859 F.2d 402 (6th Cir. 1988); Am. Postal Workers Union v. United States Postal Serv., 823 F.2d 466 (11th Cir. 1987); and Saxon v. Southwest Airlines Co., 993 F.3d 492 (7th Cir. 2021)), do not support her position that her role as a CMS Teller processing money in Defendant's Hayward location qualifies her as a transportation worker. See Reply at 1-3 (distinguishing Plaintiff's cited authority). Nor does the lone Ninth Circuit case she cites to: Rittman v. Amazon.com, Inc., 971 F.3d 904 (9th Cir. 2020). Opp'n at 11. In Rittman, the plaintiffs were drivers responsible for personally delivering goods that Amazon ships across state lines. 971 F.3d at 917. On these facts, the Ninth Circuit found that plaintiffs "form part of the channels of interstate commerce and are thus engaged in interstate commerce." Id. Thus, the Ninth Circuit concluded the FAA exemption for transportation workers applied. Id. at 919. By contrast here, Plaintiff never drove a Loomis truck nor physically loaded or unloaded them. See Opp'n at 3-4. Rather, Plaintiff's work was performed entirely on-site at Loomis's Hayward facility and primarily involved money processing. Opp'n

at 3-4. Plaintiff's work thus did not require her to personally transport anything, let alone anywhere outside of the facility in which she worked. Id. Thus, the analogy to the plaintiff-drivers in Rittman comes up short.

The final case Plaintiff cites to, Christie v. Loomis Armored US, Inc., Civil Action No. 10-cv-02011-WJM-KMT, 2011 WL 6152979, at *3 (D. Colo. Dec. 9, 2011), is likewise distinguishable. Opp'n at 11. In Christie, the court concluded plaintiff was a transportation worker subject to the FAA exemption because she was "actually employed as a driver for" Loomis, personally responsible for "transport[ing] currency, a good that is undisputedly in the stream of interstate commerce." 2011 WL 6152979, at *3. Here again, Plaintiff is not a driver for Loomis directly responsible for transporting currency.

For these reasons, Plaintiff does not meet her burden of demonstrating the transportation worker exemption applies. See Rogers, 452 F.Supp.3d at 913 ("As the parties resisting arbitration, [plaintiffs] bear the burden of proving that the [transportation worker] exemption applies"). At most, Plaintiff has shown her work was "tangentially related to the movement of goods," which is insufficient to qualify her as a transportation worker. Rittman, 971 F.3d at 911 (internal citations omitted).

Second, Plaintiff argues the ADR Plan is procedurally and substantively unconscionable and thus unenforceable. Opp'n at 13-15. But this argument puts the cart before the horse. As Defendant points out, the threshold issue is whether the parties agreed to leave the question of arbitrability – including whether the agreement is unconscionable - to the arbitrator. Mot. at 6;

6

1  Reply at 3.  If they did, the issue of unconscionability is left
2  to the arbitrator, not this Court.  <u>Brennan v. Opus Bank</u>, 796
3  F.3d 1125, 1133 (2015); <u>see also</u> <u>Brice v. Haynes Invs., LLC</u>, 13
4  F.4th 823, 827 (9th Cir. 2021) ("Where a delegation provision
5  exists, courts first must focus on the enforceability of that
6  specific provision, not the enforceability of the arbitration
7  agreement as a whole.").

8      Here, the ADR Plan contains such a delegation provision.
9  Section 1 provides: "any legal dispute or controversy covered by
10 this Agreement, or arising out of, relating to, or <u>concerning the
11 validity, enforceability or breach of this Agreement</u>, shall be
12 resolved by final and binding arbitration in accordance with the
13 Employment Arbitration Rules of the American Arbitration
14 Association."  Executed ADR Plan § 1 (emphasis added).  This
15 provision "clearly and unmistakably delegates threshold questions
16 of arbitrability to the arbitrator."  <u>Rogers</u>, 452 F.Supp.3d at
17 918.  Significantly, in opposition Plaintiff failed to challenge
18 the delegation provision itself.  <u>See generally</u> Opp'n.  Because
19 Plaintiff failed to "make any arguments specific to the
20 delegation provision" and instead argues that the entire
21 agreement is unconscionable, the Court "need not consider
22 [Plaintiff's unconscionability] claim[s]" because they are "for
23 the arbitrator to decide."  <u>Brennan</u>, 796 F.3d at 1133 (internal
24 citations omitted) (explaining "in order to have the federal
25 court address his unconscionability challenge, [plaintiff] would
26 have had to argue that the agreement to delegate to an arbitrator
27 his unconsionability claim was <u>itself</u> unconscionable").
28 Accordingly, Plaintiff's second argument as to unconscionability

fails.

Third, Plaintiff argues the class waiver is unenforceable because it is part of a broader agreement that is unenforceable. Opp'n at 1,6.[2] But, as explained above, the enforceability of the agreement is an issue for the arbitrator to decide. This additional argument does not alter the above analysis.

Fourth, Plaintiff argues that compelling arbitration at this stage is premature and she should instead be granted discovery. Opp'n at 1-2, 6.[3] The Court disagrees. As discussed above, Plaintiff has not carried her burden to challenge the ADR Plan's delegation provision. In the absence of such a challenge, this Court must enforce the unambiguous delegation provision and compel arbitration. See Dittenhafer, 2010 WL 3063127, at *2 (explaining the FAA "eliminates district court discretion and <u>requires</u> the court to compel arbitration") (emphasis added).

Lastly, Plaintiff raises a policy argument that it would serve judicial economy to litigate her non-PAGA claims in this Court because the Court must keep her PAGA claim, which is non-arbitrable. Opp'n at 2,7.[4] However, as Defendant argues, Plaintiff's assertion of a PAGA claim has no bearing on whether

---

[2] Plaintiff expounds on this argument on page 16 of the opposition brief, however, this part of the brief was not considered by the Court as it violated Court's page limits for opposition memoranda. See Order re Filing Requirements ("Order") at 1, ECF No. 3-2.

[3] Once again, Plaintiff expounds on this argument in a part of the opposition brief that ran over the Court's page limit. See Opp'n at 16-17. The Court did not consider arguments made past the page limit. See Order at 1.

[4] Again, Plaintiff advances this argument in part of the brief that ran over the Court's page limits and thus was not considered. See Opp'n at 17.

8

her remaining non-PAGA claims should be referred to arbitration, and her class claims dismissed. Mot. at 14-15; Reply at 4-5. Courts in the Eastern District routinely deny motions to compel PAGA claims while compelling arbitration of other claims. See e.g. Anderson v. Safe Streets USA LLC, No. 18-cv-00323-KJM, 2018 WL 4106135, at *12 (E.D. Cal. Aug. 29, 2018) ("Multiple district courts, including this court, have held that where PAGA claims are derivative of substantive claims that must be arbitrated . . . a court may stay any PAGA claims until arbitration is completed."); Musolf v. NRC Envtl. Servs., Inc., No. 20-cv-01387-KJM-CKD, 2021 WL 1696282, at *3 (E.D. Cal. Apr. 29, 2021) (granting motion to compel arbitration and staying the PAGA claims pending completion of arbitration.). Plaintiff's final policy argument therefore fails.

In short, the Court finds the delegation provision of the ADR Plan to be enforceable. Defendant's motion to compel arbitration is thus GRANTED and Plaintiff is ordered to individually arbitrate her non-PAGA claims against Loomis.

### 2. PAGA Claims

Having concluded that Plaintiff's non-PAGA claims must be arbitrated in accordance with the delegation provision of the ADR Plan, this Court stays Plaintiff's PAGA claim, which both parties agree is non-arbitrable. See Mot. at 14-15; Opp'n at 5. This proceeding shall be stayed pending the outcome of the arbitration. The parties are ordered to file a joint status report within ten (10) days of completing arbitration.

///

///

### III.   SANCTIONS

Plaintiff exceeded the Court's 15-page limit on opposition memoranda. See Opp'n; see also Order at 1. Violations of the Court's standing order require the offending counsel, not the client, to pay $50.00 per page over the page limit to the Clerk of Court. Order at 1. Moreover, the Court did not consider arguments made past the page limit. Id. Plaintiff's opposition brief exceeded the Court's page limit by 2.5 pages. See Opp'n. Accordingly, Plaintiff's counsel must send a check payable to the Clerk for the Eastern District of California for $125.00 no later than seven (7) days from the date of this order.

### IV.   ORDER

For the reasons set forth above, this Court GRANTS Defendant's motion to compel arbitration, and hereby STAYS Plaintiff's PAGA claim pending the outcome of the arbitration.

IT IS SO ORDERED.

Dated: December 28, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE